**GANDOLFO LAW FIRM**
2202 Bellmore Avenue
Bellmore, New York 11710
(516) 221-0231

Attorneys for Defendant Krizia S.p.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
NICOLE ZE'TONE.,

                    Plaintiff,         **08 Civ. 00495 (DC)**

    -against-                         **ANSWER**

KRIZIA, S.p.A. and FRANCESCO VITALE,

                    Defendant.
----------------------------------------------------------X

       Defendant Krizia, S.p.A. ("Krizia" or "Defendant"), by its attorneys, GANDOLFO LAW FIRM, as and for its Answer to the Complaint, avers as follows:

1.     Defendant denies the allegations contained in paragraph 1 of the Complaint.

2.     Defendant denies the allegations contained in paragraph 2 of the Complaint.

3.     Defendant denies the allegations contained in paragraph 3 of the Complaint except admits that Plaintiff resides in the State of New York and was employed by Krizia from approximately February 2006 to June 2007.

4.     Defendant admits the allegations contained in paragraph 4 of the Complaint.

5.     Defendant denies the allegations contained in paragraph 5 of the Complaint except admits that Francesco Vitali, sued herein as Francesco Vitale, is a citizen of Italy.

6.     Defendant refers the issue of subject matter jurisdiction to the Court and admits the factual allegations contained in paragraph 6 of the Complaint.

7. Defendant refers the issue of subject matter jurisdiction to the Court and denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of the Complaint.

8. Defendant admits that Plaintiff resides in New York and that Plaintiff was employed by Krizia at its New York store and otherwise denies the allegations contained in paragraph 8 of the Complaint.

9. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint except admits that Plaintiff became employed by Krizia in or about February 2006.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint except admits that after Plaintiff became manager of the New York store her duties included sales performance of the New York store, and other matters consistent with the policies and procedures of Krizia and the directions of the owner and senior management of Krizia.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant admits the allegations contained in paragraph 21 of the Complaint.

22. Plaintiff demands trial by jury in paragraph 22 of the Complaint to which no response is required and Defendant reserves its rights with respect thereto.

## AS TO COUNT ONE

23. In response to the allegations contained in paragraph 23 of the Complaint, Defendant repeats and realleges each and every response to the allegations contained in paragraphs 1 through 22 of the Complaint as if fully set forth here.

24. In response to the allegations contained in paragraph 24 of the Complaint, Defendant admits that the quoted language may be found in the federal statute cited and refers all questions of law with respect thereto to the Court.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

## AS TO COUNT TWO

29. In response to the allegations contained in paragraph 29 of the Complaint, Defendant repeats and realleges each and every response to the allegations contained in paragraphs 1 through 28 of the Complaint as if fully set forth here.

30. In response to the allegations contained in paragraph 30 of the Complaint, Defendant admits that the quoted language may be found in the state statute cited and refers all questions of law with respect thereto to the Court.

31.     In response to the allegations contained in paragraph 31 of the Complaint, Defendant admits that the quoted language may be found in the state statute cited and refers all questions of law with respect thereto to the Court.

32.     Defendant denies the allegations contained in paragraph 32 of the Complaint and refers all questions of law to the Court.

33.     Defendant denies the allegations contained in paragraph 33 of the Complaint.

34.     Defendant denies the allegations contained in paragraph 34 of the Complaint.

.

**AS TO COUNT THREE**

35.     In response to the allegations contained in paragraph 35 of the Complaint, Defendant repeats and realleges each and every response to the allegations contained in paragraphs 1 through 34 of the Complaint as if fully set forth here.

36.     In response to the allegations contained in paragraph 36 of the Complaint, Defendant admits that the quoted language may be found in the municipal statute cited and refers all questions of law with respect thereto to the Court.

37.     In response to the allegations contained in paragraph 37 of the Complaint, Defendant admits that the quoted language may be found in the municipal statute cited and refers all questions of law with respect thereto to the Court.

38.     In response to the allegations contained in paragraph 38 of the Complaint, Defendant admits that the quoted language may be found in the municipal statute cited and refers all questions of law with respect thereto to the Court.

39.     Defendant denies the allegations contained in paragraph 39 of the Complaint.

40.     Defendant denies the allegations contained in paragraph 40 of the Complaint.

## AS TO COUNT FOUR

41.     In response to the allegations contained in paragraph 41 of the Complaint, Defendant repeat and reallege each and every response to the allegations contained in paragraphs 1 through 40 of the Complaint as if fully set forth here.

42.     Defendant denies the allegations contained in paragraph 42 of the Complaint.

43.     Defendant denies the allegations contained in paragraph 43 of the Complaint.

44.     Defendant denies the allegations contained in paragraph 44 of the Complaint.

## .AFFIRMATIVE DEFENSES

Defendant affirmatively states the following defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff.

## FIRST AFFIRMATIVE DEFENSE

45.     Plaintiff's claims are time barred under applicable law.

## SECOND AFFIRMATIVE DEFENSE

46.     Plaintiff's Complaint fails to state a claim against either Defendant.

## THIRD AFFIRMATIVE DEFENSE

47.     The claims are barred, in whole or in part by the doctrines of estoppel and waiver.

## FOURTH AFFIRMATIVE DEFENSE

48.     Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

49.     Defendant cannot be liable for liquidated or other damages because it made a good-faith effort to comply with applicable statutes.

**SIXTH AFFIRMATIVE DEFENSE**

50.     Subject to proof through discovery, Plaintiff has failed in whole or in part to mitigate her purported damage.

**COUNTERCLAIMS**

**FIRST COUNTERCLAIM ON BEHALF OF KRIZIA**

51.     Krizia S. p. A is a corporation organized and existing under the law of the Republic of Italy and is engaged in the business of the marketing and sale of high quality garments and accessories at its retail stores around the world and through other distribution channels.

52.     Nicole Ze'Tone ("Ze'Tone") at all times relevant resided in the State of New York.

53.     During the period February 2006 to June 2007, Ze'Tone was employed by Krizia at its New York store.

54.     As an employee of the store and manager of that store, Ze'Tone agreed to sell Krizia merchandise at the New York store at prices approved by Krizia.

55.      Without authorization from Krizia and contrary to her agreement and responsibilities as an employee and store manager, Ze'Tone sold and approved sales of Krizia merchandise for prices not approved by Krizia, including at prices representing 80% to 90 % discounts from stated retail prices.

56.     Such actions by Ze'Tone constitute breach of her agreement with Krizia and theft of Krizia property.

57. As a result, Krizia has suffered damages in the amount of not less than $120,000.00.

## SECOND COUNTERCLAIM ON BEHALF OF KRIZIA

58. Krizia repeats and realleges each and every allegation contained in paragraphs numbered 52 to 57 above.

59. As manager of the New York store, Ze'Tone arranged for the purchase and installation of replacements video monitors at the New York store that had been damaged.

60. Ze'Tone entered into a contract on behalf of Krizia with a contractor for the provision and installation of such replacement monitors for a purchase price of $28,252.08.

61. After her termination as an employee of Krizia, Ze'Tone intentionally interfered with such contract by causing the provider and installer not to provide or install the replacement monitors even though payment was made by Krizia.

62. As a result thereof, Krizia has been damaged in the amount of $ 28,252.08 representing the amount paid to Ze'Tone's personal friend by Krizia for the merchandise that was not delivered or installed.

**WHEREFORE**, Defendant Krizia S.p.A demands judgment that the Complaint be dismissed in its entirety, that Krizia have judgment against Plaintiff in the amount of $120,000.00 by reason of its First Counterclaim and that Krizia have judgment against Plaintiff in the amount of $28,252.08 by reason of its Second Counterclaim, together with an award of costs, disbursements and such other and further relief to Defendant as the Court deems just and proper..

Dated: Bellmore, New York
      February 20, 2008

                                **GANDOLFO LAW FIRM**

                                By:__/s/_____
                                 Thomas M. Gandolfo(TG1957)
                                 2202 Bellmore Avenue
                                 Bellmore, New York 11710
                                 (516) 221-0231

                                **ALTIERI & ESPOSITO**.
                                 420 Fifth Avenue, 26th Floor
                                New York, New York 10018
                                  (212)-391-6602
                                  Rich Altieri, Esq.

                              **ATTORNEYS FOR DEFENDANT**
                              **KRIZIA S.p.A.**

TO:

Adam Mitzner, Esq..
PAVIA & HAROURT LLP
600 Madison Avenue
New York, New York 10022
212-980-3500

**ATTORNEYS FOR PLAINTIFF**

      Thomas M. Gandolfo, an attorney duly admitted to practice before the courts of the State of New York does hereby affirm under the penalty of perjury that he is over the age of 18 years, maintains an office at 2202 Bellmore Avenue, Bellmore, New York and that on February 20  2008 he served the within Answer of Defendant Krizia, S.p.A.on the following attorneys by enclosing a true copy thereof in a properly addressed and stamped envelope as follows:

      Adam Mitzner, Esq.
      Pavia & Harcourt
      600 Madison Avenue
      New York, New York 10022

and by depositing it in a post office box maintained by the United States Postal Service within the State of New York.

  Dated:  February 20, 2008

          _____/s/_____

          Thomas M. Gandolfo

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NICOLE ZE'TONE.,

                Plaintiff,        **08 Civ. 00495 (DC)**

   -against-                       **ANSWER OF DEFENDANT**
                                                      **KRIZIA, Sp.A.**

KRIZIA, S.p.A. and FRANCESCO VITALE,

                Defendants
------------------------------------------------------------X

*GANDOLFO LAW FIRM*

*Attorneys for Defendant Krizia*
*2202 BELLMORE AVENUE*
*BELLMORE, NEW YORK 11710*
*(516) 221-0231*

_____

*The below signature attests to the following papers:*

By:___/s/_____
   *Thomas M. Gandolfo*

_____
*Service of a copy of the within       is hereby admitted.*
*Dated:*                          _____
                              *Attorney(s) for*

PLEASE TAKE NOTICE

_____
NOTICE OF    That the within is a (certified) true copy of a     entered in the
  ENTRY         office of the clerk of the within named Court on     , 2003

_____
NOTICE OF    That an Order of which the within is a true copy will be presented for
SETTLEMENT  settlement to the Hon.   one of the judges of the within named Court at   on

*Dated: Bellmore, New York*
      *February 20, 2008*

                    *GANDOLFO LAW FIRM*
                *2202 BELLMORE AVENUE*
              *BELLMORE, NEW YORK 11710*
                    *(516) 221-0231*