UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

NICOLE ZE'TONE                                :    08 Civ. 0495 (DLC)(HBP)
                                              :
                            Plaintiff,        :    **ELECTRONICALLY FILED**
                                              :
            -against-                         :    **AMENDED ANSWER TO**
                                              :    **COUNTERCLAIMS**
KRIZIA, S.p.A. and FRANCESCO VITALE,          :
                                              :
                            Defendants.       :

------------------------------------x

    Plaintiff and Counterclaim Defendant Nicole Ze'tone, by her attorneys, Pavia & Harcourt LLP, for her Answer to the counterclaims asserted by Defendant Krizia S.p.A. ("Krizia") in its Amended Answer alleges as follows:

    1.  Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51, except admits that, upon information and belief, Krizia S.p.A. is an Italian-based company engaged in the sale of garments and accessories.

    2.  Admits the allegations of paragraph 52.

    3.  Ze'tone denies the allegation of paragraph 53 except admits that she was employed by Krizia at its New York store during the period January 2006 to June 2007.

    4.  Denies the allegation of paragraph 54.

    5.  Denies the allegations of paragraph 55.

    6.  Denies the allegations of paragraph 56.

    7.  Denies the allegations of paragraph 57.

    8.  Ze'tone repeats and realleges each and every allegation contained in paragraphs 1-8 above as if fully set forth herein.

9. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59, and on that basis denies them.

10. Admits the allegations of paragraph 60.

11. Denies the allegations of paragraph 61 except admits that Krizia agreed to pay $28,252.08 for the installation of video monitors.

12. Denies the allegations of paragraph 62.

13. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63, and on that basis denies them. To the extent that paragraph 63 contains a legal conclusion, no response is required.

14. Denies the allegations of paragraph 64.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

15. The counterclaims fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

16. The counterclaims are barred, in whole or in part, by the doctrines of estoppel and waiver.

### Third Affirmative Defense

17. The counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

### Fourth Affirmative Defense

18. The counterclaims are barred under the applicable statute of limitations.

### Fifth Affirmative Defense

19. Subject to proof, Krizia has failed to mitigate its damages, if any.

**WHEREFORE**, Ms. Ze'tone requests the following relief with regard to Krizia's counterclaims:

1. Dismissal of each counterclaim with prejudice;

2. Attorneys' fees, costs, and expenses incurred in the defense of the counterlcaims.

3. Such other and further relief as is just and fair.

Dated:   June 12, 2008
         New York, New York

               PAVIA & HARCOURT LLP

               /s/ Jonathan A. Selva
               Adam D. Mitzner (AM-8325)
               Jonathan A. Selva (JS-2006)

               600 Madison Avenue
               New York, New York 10022
               Tel: (212) 980-3500
               Fax: (212) 980-3185

               Counsel to Plaintiff Nicole Ze'tone

To:

Thomas M. Gandolfo, Esq.
Gandolfo Law Firm
2202 Bellmore Avenue
Bellmore, New York 11710
Tel: (516) 221-0231
thomas_g_11566@yahoo.com

Richard Altieri, Esq.
Altieri & Esposito
420 Fifth Avenue
New York, New York 10018
Tel: (212) 391-6602
raltieri@ae-law.com

Counsel to Defendant Krizia S.p.A.